## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 17-24015-GLT |
| JOSEPH A. KLEMENTS, | Chapter 13 |
| Debtor. | Hearing Date: January 11, 2018 at 1:00 p.m. |
| CECIL TOWNSHIP, | Related to Document No.: 9 |
| Movant, | |
| vs. | |
| JOSEPH A. KLEMENTS. | |

### CECIL TOWNSHIP'S NOTICE OF CONTINUED OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Cecil Township ("**Cecil**"), a secured creditor, by and through its attorneys, Christopher J. Azzara, Esquire, Amelia R. Brett, Esquire and Strassburger McKenna Gutnick and Gefsky, hereby gives notice of its continued objection to confirmation of Debtor's proposed Chapter 13 Plan (the "**Plan**"). In support thereof, Cecil sets forth as follows:

1. Cecil has a secured interest in the Debtor's real property located at 712 Morganza Road, Canonsburg, PA 15317 (the "**Property**"), pursuant to that certain Judgement Lien recorded on August 24, 2009 as C-63-CV-199700276 with the Washington County Prothonotary.

2. The Debtor has identified Cecil as a Secured Creditor on his Bankruptcy Petition indicating that the total amount of Cecil's secured claim against the Property as of the petition date was $40,736.59.

3. The Debtor has identified the value of the Property to be $30,000 in his Bankruptcy Petition.

1

4. Cecil believes the Debtor has vastly undervalued the Property in an attempt to cram down Cecil's claim against the Debtor.

5. Specifically, Cecil believes, and therefore avers, that the value of the Property far exceeds the value of the secured claims against the Property.

6. The Pennsylvania Turnpike is currently obtaining all of the necessary permits, easements and other documentation to effectuate the "U.S. Route 22 to I-79 project," otherwise known as the middle section of the Southern Beltway project, which plans for a local connection/off-ramp at Morganza Road near the Allegheny/Washington County line.

7. The proposed off-ramp would be placed at or near the intersection where the Property sits.

8. The Turnpike's plan alone would raise the value of the Property far above the value of the secured claims against the Property.

9. Cecil is in the process of obtaining an appraisal to show the actual valuation of the Property.

10. Debtor's proposed Plan provides that Debtor will pay Cecil monthly payments of $678.93 as a Level 3 claim with 0% interest.

11. Section 506(b) of the Bankruptcy Code, which applies to Chapter 13 proceedings pursuant to 11 U.S.C. § 103(a), provides that holders of over secured claims are "allowed" post-petition interest on their claims from the petition date until confirmation of a debtor's plan. *Rake v. Wade*, 508 U.S. 464, 468 (1993); *In re Haas*, 203 B.R. 573, 575 (E.D. Pa. 1996).

12. In addition, under §1325(a)(5)(b)(ii) of the Bankruptcy Code, the holder of the allowed secured claim is entitled to "the value, as of the effective date of the plan."

13. The Third Circuit has interpreted §1325(a)(5)(B)(ii) to require ordinarily the payment of interest on a creditor's allowed secured claim throughout the payment period under the plan. *See General Motors Acceptance Corporation v. Jones*, 999 F.2d 63, 65 (3d Cir. 1993) (holding that the appropriate rate of interest under § 1325(a)(5)(B)(ii) is that which the secured creditor would charge, at the effective date of the plan, for a loan similar in character, amount and duration to the credit which the creditor will be required to extend under the plan).

14. Based on the foregoing, Cecil objects to approval and confirmation of the Chapter 13 Plan on the basis that it does not meet the requirements of Section 1325(a) of the Bankruptcy Code in that:

   a. The proposed plan payments to Cecil are insufficient to cure the value, as of the effective date of the Plan, of Cecil's claim over the life of the Plan.

   b. The Plan proposes monthly payments in the amount of $678.93 with 0% interest. In order to comply with Section 506(b) and 1325(a)(5)(b)(ii), the Debtor must pay interest at the statutory rate of 6%.

   c. There is no adequate likelihood of the successful implementation of the Debtor's Plan as it fails to take into account the additional funds required to cure the present value of Cecil's claim.

   d. The Plan fails to provide adequate payments.

15. Cecil objects to the confirmation of any Plan that fails to provide for payment in full of its claim.

WHEREFORE, Cecil Township, as a secured creditor, respectfully requests that the Chapter 13 Plan be amended to reflect the relief requested herein prior to confirmation.

STRASSBURGER McKENNA<br>GUTNICK & GEFSKY

Date: 12/27/2017          By: /s/ Christopher J. Azzara
                                                           Christopher J. Azzara
                                                           Pa. Id. No. 204114
                                                           Amelia R. Brett, Esquire
                                                           Pa. Id. No. 316462

                                                           Four Gateway Center, Suite 2200
                                                           444 Liberty Avenue
                                                           Pittsburgh, PA 15222

                                                           Telephone: 412-281-5423
                                                           Facsimile: 412-281-8264

                                                           *Counsel for Secured Creditor,*
                                                           *Cecil Township*